UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LAW,

   Plaintiff,

Case No. 1:09-cv-503

Hon. Robert J. Jonker

v.

ANTHONY STEWART, *et al.*,

   Defendants.
            /

**ORDER**

   This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants' motion for summary judgment (docket no. 39).

   Plaintiff filed his complaint on June 1, 2009, against nine defendants. *See* docket no. 1. In lieu of an answer, defendants filed a motion for summary judgment on November 2, 2009. *See* docket no. 39. Some months later, on March 16, 2010, plaintiff filed an amended complaint. *See* docket no. 51. Newly named defendant Dale Bonn subsequently moved for summary judgment as to the amended complaint on April 23, 2010. *See* docket no. 58.

   The filing of the amended complaint changed the nature of plaintiff's action to include only those allegations as set forth in the amended pleading. "A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476, pp. 556-57 (2nd ed. 1990). "It is well-established that an amended complaint supercedes an original complaint and renders the

original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward" and "wipes away prior pleadings." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). *See also B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'") (*quoting Drake v. City of Detroit*, 2008 WL 482283 at *2 (6th Cir. Feb. 21, 2008); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) ("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint . . .") (*citing In re Atlas Van Lines* and *Massey*).

The filing of the amended complaint rendered defendants' motion for summary judgment irrelevant. "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008). *See, also, Principal Manufacturing Corporation v. Epsey & Associates*, No. 1:08-cv-393, 2009 WL 483901 at *2 (S.D. Ohio Feb. 25, 2009); *LaFountain v. Brevard*, No. 1:08-cv-518, 2009 WL 427245 at *2 (W.D. Mich. Feb. 20, 2009). To the extent that the amended complaint may be essentially the same as the original complaint regarding the initial defendants, it should be no great task for the initial defendants to file a new motion explicitly addressing the amended complaint. Accordingly, defendants' motion for summary judgment, which attacks the merits of plaintiff's original complaint, will be denied as moot.

**IT IS ORDERED** that defendants' motion for summary judgment (docket no. 39) is **DENIED** without prejudice as moot.

**IT IS FURTHER ORDERED** that defendants Anthony Stewart, Patricia Caruso, Carmen Palmer, Timothy Kipp, Matt McCauley, Robert Sutherland, Scott Yokum and Donald Smith (named as "Unknown Smith") shall file an answer or a dispositive motion directed at the claims raised in plaintiff's amended complaint within twenty-one (21) days of the entry of this order.

Dated: July 23, 2010                     /s/ Hugh W. Brenneman, Jr.
                                         HUGH W. BRENNEMAN, JR.
                                         United States Magistrate Judge