UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LAW,

    Plaintiff,

                                CASE NO. 1:09-CV-503

v.

                                HON. ROBERT J. JONKER

ANTHONY STEWART, *et al.*,

    Defendants.

_____/

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 87) and Plaintiff's Objections to it (docket # 90). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motions for summary judgment (docket ## 58, 71) be granted and that the case be dismissed. Plaintiff raises a number of

objections, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court orders that Defendants' motions for summary judgment be granted.

Plaintiff brought suit against ten defendants in their official and individual capacities, alleging four major grievances: 1) violation of his fundamental right to access the court; 2) violation of the Eighth Amendment (deliberate indifference to a serious medical need); 3) violation of the ADA and Rehabilitation Act; and 4) gross negligence. The Report and Recommendation advised the Court to dismiss the federal claims against each Defendant on the merits and to dismiss the state claim for lack of jurisdiction.

The Magistrate Judge correctly noted that "[i]n order to state a claim for interference with access to the courts, . . . a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Plaintiff has failed to do so in this case. Plaintiff acknowledges that he was able to file his complaint. Moreover, Plaintiff has filed numerous other briefings with the Court, including an amended complaint (docket # 51), responses to Defendants' motions for summary judgment (docket ## 61, 63, 83), and objections to the Report and Recommendation (docket # 90), and the Court has considered Plaintiff's claim on the merits. Even if Plaintiff is correct that Defendants violated their own rule or that the rule violated Plaintiff's constitutional right to access the courts,[1] Plaintiff has not suffered any actual injury from such violation. Even if this were true, Plaintiff still has failed to show that he has suffered any actual prejudice. Whatever access Plaintiff had to the prison library, he has not shown that he suffered because of it.

---

[1] The Court is unclear whether Plaintiff is referring to the special accommodation notice regarding use of an elevator or the facility's rule regarding accessing library books by those inmates unable to physically enter the library.

Plaintiff's second objection simply restates that Defendants (excluding Defendant Yokom) were deliberately indifferent to his medical needs and violated numerous MDOC policies, the ADA, and the Rehabilitation Act. Yet Plaintiff does not respond to the Report and Recommendation's well-reasoned bases for dismissal against each particular defendant. A reiteration of the claims, without evidentiary or legal support, is insufficient to establish the necessary elements of an Eighth Amendment claim. As the Magistrate Judge rightly stated, Plaintiff has not established either the objective or subjective components of a deliberate indifference claim against any Defendant. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

Plaintiff objects to the Recommendation that his ADA and Rehabilitation Act claims fail because Plaintiff was not excluded from participating in prison programs. He argues that because he had a special accommodation notice for access to an elevator, he was to have access to the entire prison facility, and the lack of elevator resulted in him having to climb steps to access any part of the institution. This objection is without merit. The Recommendation correctly notes, and Plaintiff does not challenge, that Plaintiff received, as a special accommodation, an attendant to assist him in mobility throughout the facility, which would allow him to participate in prison programs. In his objection, Plaintiff does not point to any specific prison program for which he was denied access. Neither the Rehabilitation Act nor the ADA require that Plaintiff access an entire prison facility through the use of an elevator alone, rather than with human assistance. Plaintiff received the special accommodations needed to allow him access to the prison programs available to him.

Plaintiff misstates the scope of the Recommendation regarding his state law claims. As the Magistrate Judge rightly observed, if all federal claims are dismissed, the Court may dismiss remaining state law claims under 28 U.S.C. § 1367(c). The Magistrate Judge did not take a position

on the merit of Plaintiff's gross negligence claims, but instead recommended they be dismissed for lack of jurisdiction. The Magistrate Judge did not err in recommending that the Court not exercise supplemental jurisdiction, and Plaintiff's objection to the contrary is meritless.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 7, 2011, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by Defendants (docket ## 58, 71) are **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:    March 15, 2011              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE